Filed 2/10/21  P. v. Jackson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES JACKSON,<br><br>    Defendant and Appellant. | B297698<br><br>(Los Angeles County<br>Super. Ct. No. BA282268) |

APPEAL from an order of the Superior Court of Los Angeles County, William N. Sterling, Judge.  Affirmed.

Christopher Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles Lee and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found James Jackson guilty of murder. Years later, he petitioned for resentencing under Penal Code[1] section 1170.95, and the trial court summarily denied the petition without appointing counsel for him. Jackson appeals and contends that the trial court's decision was based on an error of fact. We disagree and affirm the order denying the petition.

## BACKGROUND[2]

In 2005, a car occupied by three men drove by a small group of people talking outside a house. The front passenger fired multiple gunshots at the group, killing one man and injuring two women. A witness saw the car's two passengers, Jackson and Michael Antonio Mitchell, get out of the car and run away. The witness also saw a gun in Jackson's waistband. Forensic evidence suggested that at least two guns were fired.

An information charged Jackson and Mitchell with murder (§ 187, subd. (a)); count 1) and two counts of attempted murder (§§ 664, 187, subd. (a)); counts 2 & 3).[3] As to these counts, the information alleged principal gun use (§ 12022.53, subds. (b), (c), (d) & (e)(1)) and gang (§ 186.22, subd. (b)(1)) enhancements. A jury found Jackson and Mitchell guilty as charged, and, in

---

[1] All further statutory references are to the Penal Code.

[2] The background regarding the underlying crimes is from the opinion affirming the judgment of conviction. (*People v. Jackson* (June 27, 2007, B191397) [nonpub. opn.].) At appellant's and respondent's requests, we have taken judicial notice of that opinion and of the record in the underlying case.

[3] The information also alleged a count of possession of a firearm by a felon with a prior (§ 12021, subd. (a)(1)) as to Mitchell, and the jury convicted him of that crime.

2006, the trial court sentenced Jackson to 75 years to life plus an additional life term.

Thereafter, Senate Bill No. 1437 (2017–2018 Reg. Sess.) took effect January 1, 2019.  That law amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder.  Based on the new law, a person convicted of murder under a felony murder or natural and probable consequences theory may petition the sentencing court for vacation of the conviction and resentencing, if certain conditions are met.  (§ 1170.95.)

In 2019, Jackson filed multiple petitions seeking relief under Senate Bill No. 1437, one of which was a form petition in which he checked all boxes showing entitlement to relief.  The trial court did not appoint counsel for Jackson.  In its summary denial order, the trial court stated that its review of the record, including jury instructions and the Court of Appeal opinion affirming the judgment of conviction, showed that Jackson was not convicted under either a theory of felony murder or natural and probable consequences, as the jury was not instructed on those theories.  Further, relief was not available on the attempted murder convictions.

## DISCUSSION

Jackson contends that the trial court erred in summarily denying his petition.[4]  We disagree.

---

[4] The Supreme Court is reviewing whether superior courts may consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under section 1170.95 and when the right to appointed counsel arises under subdivision (c) of that section.  (*People v. Lewis*

Under Senate Bill No. 1437, malice may no longer be imputed to a person based solely on the person's participation in the crime; now, the person must have acted with malice aforethought to be convicted of murder. (§ 188; *People v. Munoz* (2019) 39 Cal.App.5th 738, 749, review granted Nov. 26, 2019, S258234.) To that end, the natural and probable consequences doctrine no longer applies to murder. And, a participant in enumerated crimes is liable under the felony-murder doctrine only if the participant was the actual killer; or with the intent to kill, aided and abetted the actual killer in commission of first degree murder; or was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); see *Munoz*, at pp. 749–750.)

Senate Bill No. 1437 also added section 1170.95. Under that section, individuals who meet three conditions are eligible for relief: (1) the person must have been charged with murder under a theory of felony murder or murder under the natural and probable consequences doctrine, (2) convicted of first or second degree murder, and (3) could not be convicted of first or second degree murder because of changes to section 188 or 189 made effective January 1, 2019. (§ 1170.95, subd. (a); see generally *People v. Drayton* (2020) 47 Cal.App.5th 965, 973.)

Section 1170.95 provides for multiple reviews of a petition by the trial court. (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 897, review granted Aug. 12, 2020, S263219; *People v. Drayton*, *supra*, 47 Cal.App.5th at p. 974; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 57–58, review granted Mar. 18, 2020,

_____

(2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.)

4

S260410; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 328 (*Verdugo*), review granted Mar. 18, 2020, S260493; but see *People v. Cooper* (2020) 54 Cal.App.5th 106, review granted Nov. 10, 2020, S264684.) Subdivision (b) of section 1170.95 describes an initial review to determine the facial sufficiency of the petition. (*Verdugo*, at p. 328.) Subdivision (c) of section 1170.95 then describes the next two levels of review. It provides, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

The first sentence in subdivision (c) refers to a prebriefing, initial prima facie review to preliminarily determine a petitioner's statutory eligibility for relief as a matter of law. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 329.) In this step of review, the trial court determines, based upon its review of readily ascertainable information in the record of conviction and the court file, whether the petitioner is statutorily eligible for relief. (*Id.* at pp. 329–330.) The court may review the complaint, the information or indictment, the verdict form or the documentation for a negotiated plea, and the abstract of judgment. (*Ibid.*) A Court of Appeal opinion is part of the appellant's record of conviction (*id.* at p. 333), as are jury instructions (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020,

5

S263939).  If these documents reveal ineligibility for relief, the trial court can dismiss the petition.  (*Verdugo*, at p. 330.)

If the record of conviction does not establish as a matter of law the petitioner's ineligibility for resentencing, evaluation of the petition proceeds to the second prima facie review, in which "the court must direct the prosecutor to file a response to the petition, permit the petitioner (through appointed counsel if requested) to file a reply and then determine, with the benefit of the parties' briefing and analysis, whether the petitioner has made a prima facie showing he or she is entitled to relief." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 330.)  The trial court must accept as true the petitioner's factual allegations and make a preliminary assessment regarding whether the petitioner would be entitled to relief if the factual allegations were proved.  (*Id*. at p. 328.)

Section 1170.95 thus permits a trial court to make an initial determination whether the petitioner may be entitled to relief, without first appointing counsel.  The structure and grammar of subdivision (c) of that section "indicate the Legislature intended to create a chronological sequence:  first, a prima facie showing; *thereafter*, appointment of counsel for petitioner; then, briefing by the parties." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 332, italics added; accord, *People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1140.)

Here, the trial court properly made an initial determination that Jackson was ineligible for relief.  As reflected by the principal gun use allegations in the charging document, the People's theory of the case was it was unclear who was the actual shooter.  The jury was instructed on murder (CALJIC No. 8.10), malice aforethought (CALJIC No. 8.11), deliberate and

6

premeditated murder (CALJIC No. 8.20), and drive-by murder (CALJIC No. 8.25.1). It was also instructed on direct aider and abettor liability under CALJIC Nos. 3.00 and 3.01. CALJIC No. 3.01 instructed that a person aids and abets the commission of a crime when he, with knowledge of the perpetrator's unlawful purpose, with the intent or purpose of committing or encouraging or facilitating the commission of the crime, by act or advice aids, promotes, encourages or instigates the commission of the crime. As Jackson's jury was not instructed on felony murder or the natural and probable consequences doctrine, he could not have been convicted under one of those theories.[5] Instead, he was convicted of murder as a direct aider and abettor. "One who directly aids and abets another who commits murder is thus liable for murder under the new law just as he or she was liable under the old law." (*People v. Lewis*, *supra*, 43 Cal.App.5th at p. 1135.)

Nevertheless, Jackson maintains that the jury was instructed on the natural and probable consequences doctrine via the definitions of implied malice in CALJIC No. 8.11 and of causation in CALJIC No. 3.40. Per CALJIC No. 8.11, the jury was instructed that malice is implied when a killing results from an intentional act, the natural consequences of which are dangerous to human life, and the act was deliberately performed with knowledge of the danger to and with conscious disregard for human life. This instruction has nothing to do with and does not

---

[5] Nor was the jury instructed on special circumstances, i.e., that it had to determine whether a defendant was a major participant who acted with reckless indifference to human life. Jackson's discussion of *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 is therefore not on point.

in any way invoke the natural and probable consequences doctrine. Rather, implied malice and the natural and probable consequences doctrine are distinctly different concepts. (*People v. Soto, supra,* 51 Cal.App.5th at p. 1056; accord, *People v. Martinez* (2007) 154 Cal.App.4th 314, 334.) The jury here also was not instructed on any target crime to which murder based on the natural and probable consequences doctrine could have attached. (See, e.g., *Soto,* at pp. 1058–1059.) Moreover, implied malice murder is murder in the second degree. (CALJIC No. 8.31; *Soto,* at p. 1056.) Jackson's jury, by convicting him of first degree murder, rejected second degree implied-malice murder. To find him guilty of first degree murder, the jury necessarily found he had an intent to kill. (See, e.g., CALJIC No . 8.20 [defining deliberate, premeditated murder]; CALJIC No. 8.25.1 [drive-by murder requires specific intent to kill].)

Nor was the jury otherwise instructed on the natural and probable consequences doctrine via CALJIC No. 3.40. That instruction concerns the but-for test of causation as follows: "To constitute the crime of murder or attempted murder, there must be in addition to the death or injury an unlawful act which was a cause of that death or injury. [¶] The criminal law has its own particular way of defining cause. A cause of the death or injury is an act that sets in motion a chain of events that produces as a *direct, natural and probable consequence of the act* the death or injury and without which the death or injury would not occur." (CALJIC No. 3.40, italics added.) The instruction thus concerns causation, not mens rea or intent.

As Jackson's jury was not instructed on felony murder or the natural and probable consequences doctrine, the trial court did not err by summarily denying the petition. Also, to the extent

Jackson challenges the denial of the petition as to the attempted murder counts, section 1170.95 relief is not available for them. (*People v. Munoz*, *supra*, 39 Cal.App.5th at pp. 760–768.)

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


                                        DHANIDINA, J.


I concur:


EDMON, P. J.


9

LAVIN, J., Dissenting:

For the reasons laid out in my dissent in *People v. Tarkington* (2020) 49 Cal.App.5th 892, 917, review granted August 12, 2020, S263219, and the holding and analysis in *People v. Cooper* (2020) 54 Cal.App.5th 106, 109, review granted November 10, 2020, S264684, I would reverse the order and direct the trial court to conduct further proceedings in accordance with Penal Code section 1170.95.

LAVIN, J.